UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDGARDO L. LOPEZ,

        Plaintiff,

v.                                             9:13-CV-952 (BKS/ATB)

N. WHITMORE, et. al.,

        Defendants.
_____

**APPEARANCES:**

Edgardo L. Lopez, Pro Se
Last Known Address
Syracuse, NY 13202

Hon. Eric T. Schneiderman
New York State Attorney General
Christopher W. Hall, Assistant Attorney General
The Capitol
Albany, NY 12224-0341
For Defendants

**Hon. Brenda K. Sannes, United States District Court Judge**

# ORDER

      Plaintiff Edgardo L. Lopez, a former New York State inmate, commenced this civil rights action under 42 U.S.C. § 1983 raising federal and state claims against New York State Department of Correction officials arising out of plaintiff's confinement at Marcy Correctional Facility. Dkt. Nos. 1, 32. On October 9, 2014, defendants filed a motion for summary judgment which was referred to United States Magistrate Judge Andrew T. Baxter. Dkt. Nos. 69, 83. On May 20, 2015, Judge Baxter issued a Report-Recommendation, recommending that defendants' motion for summary judgment be granted, and that plaintiff's First Amendment and Eighth

Amendment claims be dismissed without prejudice to refiling and that plaintiff's due process and state law claims be dismissed with prejudice. Dkt. No. 83, p. 24. Judge Baxter advised the parties that:

> Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72.

Dkt. No. 83, p. 24. A copy of the Report-Recommendation was mailed to Lopez's last known address via certified mail. Dkt. No. 83. Lopez's copy of the Report-Recommendation was returned to the Court marked "Return to sender, unable to forward." Dkt. No. 85.

On June 8, 2015, Lopez filed a notice of change of address and a request for an extension of time to respond to the Report-Recommendation. Dkt. Nos. 86-87. Lopez noted that he received the Report-Recommendation that day at the public counter in the courthouse. Dkt. No. 87. The Court granted Lopez's request for an extension of time and, in a text order dated June 8, 2015, extended the due date for filing objections to June 22, 2015. The text order was mailed to Lopez's last known address. Lopez's copy of the text order was returned to the Court marked "Return to sender, not deliverable as addressed, unable to forward." Dkt. No. 89.

In a Decision and Order on June 29, 2015, the Court reminded Lopez of his obligation to notify the Court of any change in address, *see* Local Rule 10.1(c)(2), and provided Lopez an additional fourteen days to file his current address and any objections to the Report and Recommendation. Dkt. No. 90, pp. 2-4. The Court advised Lopez that if he failed to comply with the Decision and Order, the Court would "consider the Report and Recommendation as

unopposed and review for clear error only." Dkt. No. 90, p. 4. The Decision and Order was served on Lopez via certified mail at his last known address. Dkt. No. 90. On July 8, 2015, the Court received an executed return receipt of delivery. Dkt. 91. Lopez has not, to date, filed any objections to the Report-Recommendation.

Accordingly, as no objections to the Report-Recommendation have been filed and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Glaspie v. N.Y.C. Dep't of Corr.*, No. 10 CV 00188(GBD)(JCF), 2010 WL 4967844, at *1, 2010 U.S. Dist. LEXIS 131629, at *2-3 (S.D.N.Y. Nov. 30, 2010) (explaining that when no objections to report and recommendation are made, "the Court may adopt [it] if there is 'no clear error on the face of the record.'") (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). Having reviewed the Report and Recommendation in its entirety and having found no clear error, it is hereby:

**ORDERED** that the Report-Recommendation (Dkt. No. 83) is **ADOPTED in its entirety** for the reasons stated therein; and it is further

**ORDERED** that the defendants' motion for summary judgment (Dkt. No. 69) is **GRANTED**; and it is further

**ORDERED** that plaintiff's due process and state law claims are **DISMISSED with prejudice**; and it is further

**ORDERED** that plaintiff's remaining claims under 42 U.S.C. § 1983 relating to assault and retaliation are **DISMISSED without prejudice to refiling**; and it is further

**ORDERED** that the Clerk of the Court shall close this case; and it is further

3

**ORDERED** that the Clerk of the Court shall serve a copy of this Order as well as the Report-Recommendation (Dkt. No. 83) upon all parties in accordance with the local rules.

**IT IS SO ORDERED.**

**Dated:** July 16, 2015
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

2010 WL 4967844
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. New York.

Gordon GLASPIE, Plaintiff,
v.
NEW YORK CITY DEPARTMENT OF CORRECTIONS, et al., Defendants.

No. 10 CV 00188(GBD)(JCF). | Nov. 30, 2010.

*MEMORANDUM DECISION AND ORDER*

GEORGE B. DANIELS, District Judge.

*1 *Pro se* Plaintiff Gordon Glaspie filed this suit under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by assigning him to a cell block area where swine flu (H1N1) cases had been discovered. Plaintiff alleged injuries of mental and emotional stress. Defendants moved to dismiss Plaintiff's Complaint on two grounds: (1) FED. R. CIV. P. 12(b)(1) for Plaintiff's failure to exhaust his administrative remedies; and (2) FED. R. CIV. P. 12(b)(6) for Plaintiff's failure to state a claim. This Court referred the motion to Magistrate Judge James C. Francis IV for a Report and Recommendation ("Report"). Magistrate Judge Francis recommended that the Defendants' motion to dismiss for failure to state a claim be granted.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.; see also Rivera v. Barnhart,* 432 F.Supp.2d 271, 273 (S.D.N.Y.2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith,* 618 F.Supp. 1186, 1189–90 (S.D.N.Y.1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato,* 388 F.Supp.2d 250, 253 (S.D.N.Y.2005) (citation omitted).

In his report, Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). This Court has received no objections to the Report, and the time to do so has expired.

Magistrate Judge Francis properly determined that Plaintiff failed to adequately allege a deprivation of "basic human needs" that was "objectively sufficiently serious." Plaintiff, therefore, did not identify conduct constituting an Eighth Amendment violation for cruel and unusual punishment. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). In particular, Magistrate Judge Francis found that: (1) mere exposure to swine flu does not involve an "unreasonable risk of serious damage to ... future health"; (2) no residual risk exists because Plaintiff was moved to a different correctional facility; and (3) the Amended Complaint lacked factual allegations of an illness resulting from Plaintiff's exposure or risk of latent health effects. *Helling v. McKinney,* 509 U.S. 25, 35–36 (1993); *see also* Report at 7 (collecting cases).[1]

[1] As to the Rule 12(b)(1) ground for dismissal, Magistrate Judge Francis determined that, "because the instant motion can be determined on other grounds, it need not be determined whether plaintiff exhausted his claims." Report at 3; *see* 42 U.S.C. § 1997e(c)(2); *Woodford v. Ngo,* 548 U.S. 81, 85, 101 (2006) (the "exhaustion requirement is not jurisdictional, and thus [allows] a district court to dismiss plainly meritless claims without first addressing what may be a such more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies")

*2 After carefully reviewing the Report and Recommendation, this Court finds that the Report is not facially erroneous, and adopts the Report's recommendation to dismiss all claims against all Defendants. The Defendants' motion to dismiss is GRANTED.

SO ORDERED:

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4967844

---

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.